UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICE DEMARS-EVANS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 13-CV-1179 |
| MIKRON DIGITAL IMAGING-MIDWEST, INC. and MICHAEL HARVEY, | ) ) ) Judge John W. Darrah ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patrice DeMars-Evans filed suit in Cook County, Illinois, against Defendants Mikron Digital Imaging-Midwest, Inc. ("Mikron") and Michael Harvey, alleging sexual harassment and retaliation under the Illinois Human Rights Act. Defendants removed the case to the Northern District of Illinois on the basis of diversity, pursuant to 28 U.S.C. § 1446(c), and Plaintiff did not oppose the removal. Now, Defendants move to dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). The motion has been fully briefed. For the reasons provided below, Defendants' motion is granted in part and denied in part.

**BACKGROUND**

The following facts are based on the Complaint and attached exhibits and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). A district court "may also take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (quotations and citations omitted).

Mikron is a Michigan corporation in the business of selling x-ray equipment. (Compl. ¶ 2.) Harvey is an owner of Mikron as well as its Vice President. (*Id.* ¶ 4.) Plaintiff is a 52-year-old woman, who was employed as an account manager at Mikron from April 2007 through June 1, 2011. (*Id.* ¶¶ 5-6.) Plaintiff sold x-ray equipment to hospitals in Illinois and was a top salesperson at Mikron. (*Id.* ¶ 7.) As a salesperson, Plaintiff reported to Harvey and Donald Dotson, the President of Mikron. (*Id.* ¶ 8.)

As an employee of Mikron, Defendants subjected Plaintiff to a sexually harassing work environment, directing unwanted sexual, offensive advances and remarks at Plaintiff. (*Id.* ¶ 32.) Throughout her employment, Plaintiff was sexually harassed by Harvey. (*Id.* ¶ 9.) Harvey would tell Plaintiff about his sex life and would ask Plaintiff about hers. (*Id.* ¶¶ 10, 12.) Harvey described himself to Plaintiff as a "male whore" and would regularly make offensive remarks about women's breasts and buttocks. (*Id.* ¶¶ 10-11.) At one point during her employment, when Plaintiff was the only female employee in the office, a service manager placed a sign next to Plaintiff's office that said "Naked girls only allowed." (*Id.* ¶ 13.) The sign remained in place for over a month, and Dotson saw the sign and laughed. (*Id.*)

In her role at Mikron, Plaintiff was required to attend the Radiological Society of North America ("RSNA") Conference each year. (*Id.* ¶ 15.) In November 2009, Plaintiff and Harvey attended an RSNA industry event at the Field Museum and shared a taxi back to the hotel, following the event. (*Id.* ¶¶ 16-17.) In the taxi, Harvey pulled up Plaintiff's skirt and asked what color underwear she was wearing; after this event, Harvey would ask Plaintiff what color today, referring to her underwear, whenever he encountered her. (*Id.* ¶¶ 17-18.) At the hotel after the RSNA Field Museum event, Harvey informed Plaintiff he conducted a "non-scientific" study on

2

"breast sensitivity in women with small breasts" and found that small-breasted women had greater sensitivity than large-breasted women. (*Id.* ¶ 18.)

In 2010, Harvey attended a client meeting at St. Alexius Hospital with Plaintiff and made offensive remarks about Plaintiff's buttocks. (*Id.* ¶ 20.) Harvey asked Plaintiff in 2010 if she would ever consider having an affair. (*Id.* ¶ 21.)

Throughout her employment at Mikron, the Chief Operating Officer of Mikron, Michael Sinelli, would tell Plaintiff the only reason the other female salesperson received business was because she would "shake her big tits in front of everyone"; Sinelli would then imitate a woman shaking her breasts. (*Id.* ¶ 22.) Throughout 2011, Plaintiff received pornographic emails on her company phone; when she asked Harvey and Dotson to address this issue, they refused. (*Id.* ¶ 23.)

On or about May 11, 2011, Dotson went to a service call at St. Alexius Hospital with Plaintiff. (*Id.* ¶ 37.) Thereafter, Plaintiff received a complaint from the customer that Dotson acted like a "pervert" around the female technicians, who did not want Dotson to return. (*Id.*) On or about May 16, 2011, Plaintiff informed Harvey about the complaint regarding Dotson's behavior and stated that she had the same experience; Harvey responded, "are you sure she wasn't talking about me?" (*Id.* ¶ 38.)

Approximately two days before she was fired, Dotson interrogated Plaintiff about the "personal attack" levied against him by Plaintiff and the customer at St. Alexius Hospital. (*Id.* ¶ 39.) Plaintiff again reported her own claim of discrimination. (*Id.*) Dotson told Plaintiff that he would get to the bottom of that matter and that he knew Plaintiff was involved. (*Id.*) Shortly thereafter, on June 1, 2011, Plaintiff was terminated. (*Id.* ¶¶ 6, 40.)

On November 22, 2011, Plaintiff filed two charges of discrimination with the Illinois Department of Human Rights ("IDHR"), one against Mikron (Charge No. 2012 CF 1565) and one against Harvey (Charge No. 2012 CN 1566). (Defs.' Mot., Exs. 1-2.) The charge against Mikron was dismissed on October 18, 2012, by the IDHR, which found that Plaintiff's sexual harassment claim lacked jurisdiction and that her discharge claim lacked substantial evidence. (Defs.' Mot., Ex. 1.) The charge against Harvey was also dismissed on October 18, 2012, with the IDHR finding that Plaintiff's claims of sexual harassment and retaliation both lacked jurisdiction. (Defs.' Mot., Ex. 2.)

Defendants move to dismiss Plaintiff's claims, arguing Plaintiff has no right to appeal the IDHR's dismissal of her claims for lack of jurisdiction. Defendants further contend Plaintiff cannot state a claim upon which relief may be granted that Mikron retaliated against Plaintiff.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949.

A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is

4

facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

*Harassment Claims Dismissed for Lack of Jurisdiction*

Defendants move to dismiss the sexual harassment claims against them on the basis that Plaintiff's harassment claims with the IDHR were untimely, thereby barring Plaintiff from filing a civil suit. In dismissing the harassment claim against Mikron, the IDHR stated Plaintiff alleged "no incidents after May 11, 2011 . . . . There are 195 days from May 11, 2011, the last known date of harm, to the date [Plaintiff] filed her charge on November 22, 2011." (Defs.' Mot., Ex. 1 at 7.) "Section 7A-102(A)(1) of the Human Rights Act states that a charge must be filed within 180 days after the date an alleged civil rights violations [sic] has been committed. Therefore, [Plaintiff]'s charge was not timely filed." (*Id.*) Similarly, the harassment charge against Harvey was dismissed for lack of jurisdiction because "Complainant's charge was not timely filed." (Defs.' Mot., Ex. 2 at 2.) Because Plaintiff did not file her sexual harassment charges with the IDHR within 180 days after the date of the last alleged act of harassment, her harassment charges were dismissed for lack of jurisdiction.

Despite this dismissal for lack of jurisdiction, Plaintiff contends she had a right to commence a civil suit on her sexual harassment claims. Plaintiff relies on the language on her notice of dismissal, which provides that if a complainant disagrees with the IDHR's action, she may (a) seek review of the dismissal before the Illinois Human Rights Commission or (b) commence a civil action in the appropriate state circuit court within (90) days after receipt of the notice. (*Id.* at 4.)

The statute upon which Plaintiff further relies provides as follows:

Upon reasonable notice to the complainant and the respondent, the Department shall conduct a fact finding conference, unless prior to 365 days after the date on which the charge was filed the Director has determined whether there is substantial evidence that the alleged civil rights violation has been committed, the charge has been dismissed for lack of jurisdiction, or the parties voluntarily and in writing agree to waive the fact finding conference. *Any party's failure to attend the conference without good cause shall result in dismissal or default. The term "good cause" shall be defined by rule promulgated by the Department. A notice of dismissal or default shall be issued by the Director. The notice of default issued by the Director shall notify the respondent that a request for review may be filed in writing with the Commission within 30 days of receipt of notice of default. The notice of dismissal issued by the Director shall give the complainant notice of his or her right to seek review of the dismissal before the Human Rights Commission or commence a civil action in the appropriate circuit court.*

775 ILCS 5/7A-102(C)(4) (emphasis added). Petitioner specifically relies upon the italicized portion. However, this provision relates to a party's failure to attend a fact finding conference.

This provision states that failure to attend the fact finding conference without good cause "shall result in dismissal or default. . . . A notice of dismissal or default shall be issued by the Director" and shall notify the respondent that she may request for review or commence a civil action from a dismissal for failure to attend the fact finding conference. 775 ILCS 5/7A-102(C)(4). In contrast, the first sentence in Section 5/7A-102(C)(4) addresses investigations by the IDHR and provides that the IDHR conducts fact finding conferences *unless* "the Director has

6

determined whether there is substantial evidence that the civil rights violation has been committed, the charge has been dismissed for lack of jurisdiction, or the parties . . . agree to waive the fact finding conference."

The statute then specifically provides at 775 ILCS 5/7A-102(D)(3) that "*if the Director determines that there is no substantial evidence*, the charge shall be dismissed by order of the Director and the Director shall give the complainant notice of his or her right to seek review of the dismissal order before the Commission or commence a civil action in the appropriate circuit court." (emphasis added).

The statute is silent as to a determination by the Director that the charge should be dismissed for lack of jurisdiction. "[I]f the statute or ordinance is silent or ambiguous with respect to the specific issue, the court must then determine whether the proposed interpretation of the statute or ordinance is reasonable. 'The construction of the statute should not render any of the provisions superfluous or redundant.'" *Demick v. City of Joliet*, 108 F. Supp. 2d, 1022, 1027 (N.D. Ill. 2000) (quoting *Budka v. Board of Pub. Safety Commissioners*, 458 N.E.2d 126, 130 (Ill. App. Ct. 1983)). To avoid redundancy and achieve this result, the statute must be construed to provide that Section 775 ILCS 5/7A-102(C)(4) requires notice of dismissal where a charge is dismissed due to a party's failure to attend a fact finding conference, while Section 775 ILCS 5/7A-102(D)(3) provides for notices of dismissal where there is a lack of substantial evidence.

In these two specific instances (of failure to attend a fact finding conference or lack of substantial evidence), the statute specifically provides that a notice of dismissal is appropriate and that the notices of dismissal shall include information regarding the complainant's right to timely (a) request a review or (b) commence a civil action. If the Illinois legislature had intended for complainants with charges dismissed by the IDHR for lack of jurisdiction to commence civil

disputes, it would have explicitly provided so in the statute. The Illinois Supreme Court "has held that under the rule of *expressio unius est exclusio alterius*, when certain things are enumerated in a statute, that enumeration implies the exclusion of all other things even if there are no negative words of prohibition." *People ex rel. Daley v. Grady*, 548 N.E. 2d 764, 766 (Ill. App. Ct. 1989). Therefore, since the statute does not specifically authorize a complainant with a charge dismissed for lack of jurisdiction to commence a civil action, Plaintiff is barred from commencing a civil action on her sexual harassment charges.

Moreover, even if Plaintiff was not barred from commencing a civil action for the reasons explained above, her sexual harassment claims are otherwise barred. A charge of harassment must be filed "[w]ithin 180 days after the date that a civil rights violation allegedly has been committed, a charge in writing under oath or affirmation may be filed with the [IDHR] by an aggrieved party." 775 ILCS 5/7A–102(A)(1). Plaintiff filed her harassment charges on November 22, 2011; therefore, she must allege acts of harassment that occurred between May 26, 2011, and November 22, 2011, the 180-day period before Plaintiff filed her IDHR charge. As Plaintiff was terminated on June 1, 2011, she must allege acts of harassment which specifically occurred between May 26, 2011, and June 1, 2011, to state a claim under the Illinois statute.

Beyond using language such as "Harvey would regularly make offensive, solicited remarks," and alleging that harassment occurred "throughout her employment," Plaintiff does not allege any facts to establish harassment occurred between May 26, 2011, and June 1, 2011. Even drawing inferences in favor of Plaintiff, Plaintiff does not establish a claim of harassment under the Illinois Human Rights Act beyond a speculative level, and her claims of harassment are time-barred. *Twombly*, 550 U.S. at 555; *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 836

(7th Cir. 2008). Accordingly, Plaintiff's claims of harassment against Mikron and Harvey are dismissed.

*Retaliation Claim Against Harvey*

Plaintiff's charge of retaliation against Harvey was dismissed for lack of jurisdiction by the IDHR, as well. In the IDHR's Investigation Report of the retaliation claim against Harvey, the IDHR reported:

> Section 2-102(A) of the Illinois Human Rights Act states: "It is a civil rights violation for any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms privileges or conditions of employment on the basis of unlawful discrimination or citizenship status.
>
> Complainant's charge of retaliation is filed against her employer [Mikron]. *The charging party cannot make an employer's agent personally liable by claiming the very same conduct constituted both an official action by the employer and a personal action by an individual.* Respondent [Harvey] in this case is an individual. It is the intent of the Illinois Human Rights Act that most employment actions will fall under Section 2-102(A) limited to action against employers. Therefore, a lack of jurisdiction finding is recommended.

(Defs.' Mot. to Dismiss, Ex. 2) (emphasis added).

Harvey moves to dismiss the harassment claim against him on the same basis as explained above, arguing that because this charge was dismissed for lack of jurisdiction, Plaintiff has no statutory basis by which to assert the claim under the Illinois Human Rights Act. "[W]here retaliatory action is undertaken by a supervisor in the name of the employer, the claim lies against the employer, not against the supervisor individually." *Dorado v. Aargus Sec. Systems, Inc.*, Case No. 00 C 4002, 2002 WL 230776, at *7 (N.D. Ill. Feb. 14, 2002) (citing *Anderson v. Modern Metal Products*, 711 N.E.2d 464 (Ill. App. Ct. 1999)). Here, the retaliation alleged – Plaintiff's termination – was undertaken in the name of Mikron; accordingly, the retaliation claim against Harvey must fail.

9

Moreover, Plaintiff fails to allege any facts that Harvey, specifically, retaliated against Plaintiff or was responsible for her termination. In fact, Plaintiff fails to identify any individuals who notified Plaintiff of, or were otherwise involved with, her termination. Hence, Plaintiff has failed to state a claim upon which relief may be granted, by failing to plead "factual content that allows the court to draw the reasonable inference" that Harvey retaliated against Plaintiff. *Iqbal*, 129 S. Ct. at 1949.

*Retaliation Claim Against Mikron*

Defendants finally move to dismiss Plaintiff's claim of retaliation against Mikron. Defendants contend Plaintiff's claims that she was constantly harassed during her employment with Mikron are insufficient to state a claim for retaliation. However, Plaintiff alleges she was "interrogated" by Dotson two days before her termination, that during that conversation, Plaintiff complained of discrimination, and that Dotson "told Plaintiff that he would get to the bottom of this and that he knew she was involved." (Compl. ¶ 39.) Mere temporal proximity between Plaintiff's complaining of harassment and her termination are insufficient to establish a claim of retaliation. However, this suspicious timing, coupled with all the other facts alleged by Plaintiff, is enough to state a claim of retaliation to survive a Rule 12(b)(6) motion. "The temporal proximity of events may provide important circumstantial evidence of retaliation. . . . If a lapse in time is too long to give rise to an inference of retaliation, this will not bar the plaintiff's claim if he can provide other evidence of a causal connection." *Maxwell v. County of Cook*, Case No. 10 CV 00320, 2011 WL 4639530, at *6 (N.D. Ill. Mar. 17, 2011) (citations omitted). Therefore, Defendants' Motion to Dismiss the claim of retaliation by Mikron is denied.

**CONCLUSION**

For the reasons provided above, Defendants' Motion to Dismiss is granted as to the claims of harassment and the claim of retaliation against Harvey; these claims are dismissed with prejudice. However, Defendants' Motion to Dismiss is denied as to the claim of retaliation against Mikron; this claim remains.

Date:   June 25, 2013                              _____
                                                               JOHN W. DARRAH
                                                    United States District Court Judge